IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BELINDA STOREY, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-cv-4011-JPG |
| ) | |
| ILLINOIS STATE POLICE, CAPT. ) | |
| PHIL SYLVESTER, in his individual ) | |
| and official capacities, and LT. ) | |
| THOMAS STEHLEY, in his ) | |
| individual capacity, ) | |
| ) | |
|    Defendants. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter comes before the Court on defendant Phil Sylvester's motion to dismiss Count III (Doc. 18) and accompanying memorandum of law (Doc. 19), to which plaintiff responded (Doc. 22). For the following reasons the motion will be **GRANTED IN PART** and **DENIED IN PART**.

This is a sexual harassment and employment discrimination case, the details of which are largely irrelevant for the purpose of deciding this motion. Plaintiff Belinda Storey has worked for the Illinois State Police for a number of years. Basically, Storey claims that her immediate supervisor, Captain Phil Sylvester, made unwanted sexual advances toward her and when those advances were rebuffed, denied her a deserved promotion and caused others to discipline her without cause. Storey filed a four-count complaint against the Illinois State Police, Sylvester (in both his official and individual capacities) and Thomas Stehley (also in his official and individual capacities). In Count III, Storey seeks relief for constitutional deprivations under 42

U.S.C. § 1983. Sylvester claims Count III should be dismissed or, alternatively, that the Court should order Storey to file a more definite statement of her claim under F.R.Civ.P. 12(e) and (f). First, he argues Storey's failure to provide specific dates and times of Sylvester's alleged harassment deprives him of information necessary to determine whether the claim is barred by the statute of limitations. Because of this deficiency, Sylvester claims the count is so vague and ambiguous that he cannot frame a responsive pleading. See F.R.Civ.P. 12(e). Second, he urges the Court to dismiss the count because it seeks monetary damages against him in his official capacity, and is thus barred by the Eleventh Amendment.

Taking Sylvester's second argument first, it is clear that to the extent Storey seeks damages under 42 U.S.C. § 1983 from Sylvester in his official capacity, the motion must be granted. In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 & n.10 (1989), the Supreme Court held that officers in their official capacities are not persons for § 1983 purposes, and therefore may not be sued in their official capacities for damages under the statute. There is no similar bar applying to suits against an officer in his individual capacity or to official capacity suits for injunctive relief. *Id*. n.10 (citing *Kentucky v. Graham*, 473 U.S. 159, 167 (1985)); *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005). The Seventh Circuit has made it clear that liability under § 1983 "must be premised on personal involvement in the deprivation of the constitutional right, not vicarious liability." *Payne v. Churchich*, 161 F.3d 1030, 1042 n. 15 (7th Cir. 1998). Storey has complied with this requirement by alleging facts that, if proven, show that Sylvester was personally involved in the deprivation asserted. Thus, Storey has alleged sufficient personal involvement to state a claim for relief against Sylvester. As Storey seeks injunctive relief and money damages against Sylvester in his individual capacity, the remainder

of that count is not barred under *Will* or its progeny.

Sylvester also argues the Court must strike Count III and order Storey to file a more definite statement including the time and place of the alleged instances of harassment under Federal Rule of Civil Procedure Rule 9(f). He claims the materiality provision of Rule 9(f) requires Storey to specifically allege the date and time of his alleged acts of harassment. His interpretation of Rule 9(f) is misplaced. That rule simply states that "For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter." F.R.Civ.P. 9(f). An analysis of the plain language of the rule discloses that, on its face, it does not require a plaintiff to plead the time and place of alleged conduct giving rise to a claim for relief. It only states that when time and place are pleaded, they are material. *United States ex rel. Argyle Cut Stone Co. v. Paschen Contractors, Inc.*, 664 F.Supp 298, 302 (N.D. Ill. 1987); *see also* 5A CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 1309, at 341 (3d ed. 2004) ("It should be understood that Federal Rule 9(f) does not require the pleader to set out specific allegations of time and place; it merely states the significance of these allegations when a pleader actually interposes them in a complaint or answer."). That Rule 9(f) does not provide the relief Sylvester seeks does not necessarily dispose of this claim. In some actions the time and place of certain events must be specifically pleaded. Whether this is required depends on the nature of the action. For example, some courts have held that a plaintiff must specifically allege time and place in personal injury actions. *Linnabery v. DePauw*, 695 F.Supp. 411, 412 (C.D. Ill.1988); *see also Paschen*, 664 F.Supp at 302 ("Occasionally, a specific cause of action would require that allegations of time and place be made, such as a personal injury suit."). Sylvester has not

cited the Court to a case that has made this holding in actions under § 1983.  Thus, the Court is left to determine whether Storey has pleaded this claim sufficiently under the general pleading standards.

     The examination of whether a claim for relief has been pleaded properly must begin with Federal Rule of Civil Procedure 8(a).  Under that rule the complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Basically, it must put the defendant on notice of the claim and its basis. *Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993); *Brown*, 398 F.3d at 908.  A casual reading of the complaint discloses that Count III is sufficient to put Sylvester on notice that Storey seeks relief under § 1983 for Sylvester's alleged unwanted sexual advances towards her and for him causing her not to be promoted.

     Sylvester seems to claim that the dates of the incidents must be pleaded to allow him to raise the statute of limitations defense.  This arguably runs counter to a fundamental rule in drafting complaints: a plaintiff need not try to plead around affirmative defenses.  *Doe v. General Motors Corp.*, 307 F.3d 556, 560 (7th Cir. 2002).  As the statute of limitations is an affirmative defense, Storey was under no obligation to plead facts which show that the defense is unavailable.  *United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004).  "Resolving defenses comes after the complaint stage."  *Id*.  As Sylvester has not filed an answer in this case, it is still arguably at the "complaint stage" for these purposes.  On the other hand, the Seventh Circuit has said, in a slightly different context, that to state a claim one needs "merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with."  *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002).  This could be seen as

a requirement that a plaintiff must include a relatively specific date in the complaint. Under a liberal construction of the complaint, the Court believes this standard has been met. A little deductive reasoning suggests that the alleged instances of misconduct took place between January 1, 2001 – when Sylvester became her supervisor – and January 3, 2003 – the date when Storey filed her complaint with the Illinois State Police Department Office of Equal Opportunity. Clearly, "complaints need not allege facts that tend to defeat affirmative defenses. The right question is whether it is possible to imagine proof of the critical facts consistent with the allegations actually in the complaint." *U.S. Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 628 (7th Cir. 2003). The allegations in Storey's complaint suggest a pattern of discriminatory activity taking place over a long period of time. It reasonable to conclude that Storey is alleging a pattern of discrimination spanning this entire period until the time she filed her complaint with State Police. Though the time frame in the complaint makes the statute of limitations a potential problem for Storey, given the two-year limitations period under § 1983 – see *Aschafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998) – and the filing date of January 31, 2005, it is by no means clear that this action would be time-barred. If defendants believe that the action is time-barred, they are surely within their rights to make such an argument in a motion for summary judgment. Should Sylvester be inclined to file a motion to dismiss under Rule 12(b)(6) the Court would remind him that "affirmative defenses do not justify dismissal under Rule 12(b)(6) [inasmuch as] litigants need not try to plead around defenses. *Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003). As suggested above, the complaint need only sketch the outlines of the dispute, subsequent procedures refine the issues as the case proceeds toward trial.

Courts in this circuit have looked upon motions for more definite statements with

disfavor in light of the liberal pleading standard under the federal rules. *Moore v. Fidelity Fin. Servs.*, 869 F.Supp. 557, 559-60 (N.D. Ill. 1994). This stance is also attributable to the standard set forth in Rule 12(e): that a court may grant a motion for more definite statement "if the pleading is so vague or ambiguous that a party cannot reasonably required to frame a responsive pleading." Courts have also said that these motions should not be used as a substitute for discovery and have suggested that such motions should not be granted if the information can be obtained through discovery. *Id*. Giving the complaint a liberal construction, the Court believes that Storey has given an approximate date sufficient to satisfy the notice requirement under the federal rules. Sylvester is certainly entitled to more specificity, however, the proper mechanism for obtaining that specificity is discovery.

## CONCLUSION

For the foregoing reasons, defendant Sylvester's motion to dismiss (Doc. 18) is **GRANTED IN PART** and **DENIED IN PART**. To the extent Storey seeks damages under 42 U.S.C. § 1983 from Sylvester in his official capacity, the motion is granted. It is otherwise **DENIED**.

**IT IS SO ORDERED.**

Dated: February 2, 2006.

                                                 /s/ J. Phil Gilbert
                                                 **J. PHIL GILBERT**
                                                 **U.S. District Judge**